### Frederick Moore v. Lafayette Bostwick.

*Evidence: Warranty of title to personal property.* In an action to recover damages for the breach of a warranty of title of a horse sold to the plaintiff by the defendant, proof that the horse was taken from the plaintiff on a writ of replevin, four months after the sale, at the suit of a third person, together with a transcript of the record of such replevin suit, which shows that such suit resulted in judgment for the plaintiff therein, but does not disclose upon what grounds the judgment was obtained, in the absence of any proof that such judgment depended at all upon the state of the title at the time of the sale, will not support a judgment for the plaintiff.

*Heard October 19.    Decided October 20.*

Error to Oakland Circuit.

Bostwick sued Moore, before a justice of the peace, to recover damages for the breach of a warranty of title to a horse which the latter had sold him. The justice rendered judgment in favor of Bostwick, and Moore removed the cause by *certiorari* to the circuit court. The return of the justice certifies that the following was all the testimony given on the trial of the cause, viz: Lafayette Bostwick was sworn on the part of the plaintiff, and testified as follows: "I am the plaintiff in this cause; I reside in the city of Pontiac; I know the defendant; I purchased the horse in question of him; I think it was in January, 1868,—about the 7th or 8th of January; the horse was at the city of Pontiac, where I purchased it; it was in the possession of the defendant, and was delivered to me at the city of Pontiac by the defendant; the horse was worth one hundred and twenty-five dollars; the horse was taken

from me by writ of replevin; the plaintiff in the suit was Joseph T. S. Minnie."

Upon a cross-examination of the witness by the defendant, the witness further testified, "I obtained the horse for one black horse; it was a swap, an exchange of horses; I traded defendant a black horse and gave him nineteen dollars boot-money; I think nothing was said as to the value of the horse at the time; I don't think there were any representations made as to soundness of the horse; I asked the defendant where he got the mare; he said he purchased her at Utica at auction,—I think he said at a sale of private property, and that Ezra Wright was the former owner, and the one defendant purchased of; the mare was a tall bay mare, white strip in the face, and one white hind ankle; she was what they would call an ewe-necked mare; she had a slim neck, black mane and tail; I could not tell the height,—she was quite tall; I didn't know any thing about her age—I think defendant called her seven years old; she wasn't sound; she was all right, so far as I know, except her interfering,—at least, for what use I had for her."

Upon a further direct examination by plaintiff's counsel, the witness further testified: "After proceedings were begun in the replevin suit, I notified the defendant of these proceedings; I notified him by written notice." (A copy of the notice was here offered and received in evidence without objection.) "Mr. Moore, the defendant, was present at both trials of the suit in replevin; he was a witness; I served the notice previous to the return day of the replevin writ,—I think on or about the 4th day of June, 1868; the writ was returnable before John McNeil, justice of the peace of the city of Port Huron; it was appealed from that court to the circuit court for St. Clair county, and was tried at the city of St. Clair."

Upon a further cross-examination by defendant, the witness further testified: "When I got this mare, I kept her and used her in the city of Pontiac; I live here; I kept her here from January until some time in the spring,—I think until the latter part of May; she was taken from my barn here; she was not taken by writ of replevin from my barn; I don't know who took her; I didn't see her taken from the barn; she was taken from my barn in the daytime, without my knowledge; after she was taken away, I next saw her in the city of Port Huron, the second or third day after she was taken; she was then in the possession of Joseph T. S. Minnie."

Upon a further direct examination by plaintiff's counsel, the witness further testified: "The writ was served on me in the county of St. Clair, I think in the town of Columbus, on the second or third day after she was taken from my barn here."

Upon a further cross-examination by defendant's counsel, the witness further testified: "I was on my return home when the writ was served on me; I had the mare with me; I had gone to Port Huron in pursuit of the mare, and had got her in my possession, and she was taken from me by the writ of replevin."

And thereupon the plaintiff offered in evidence a certified transcript of the proceedings in the replevin suit in St. Clair county, between Joseph T. S. Minnie, plaintiff, and Lafayette Bostwick, defendant. The defendant's counsel objected to the admission of the same in evidence in this cause: 1. Because no proper foundation has been laid by the plaintiff for its introduction. 2. Because it is informal and not properly certified.

Which said objections of the defendant's counsel were then and there overruled by the court, and the said transcript was admitted in evidence by the court. And there-

upon the plaintiff rested his suit. No witnesses were offered to be sworn on the part of the defendant, and no testimony was offered by the defendant.

The errors assigned in the affidavit for the writ of *certiorari* were, that the said judgment was erroneous, upon the following grounds, to. wit: 1. That the said justice erroneously received in evidence the said paper writing purporting to be a certified copy of the records and proceedings in the cause wherein Joseph T. S. Minnie was plaintiff and Lafayette Bostwick was defendant. 2. That the said justice erred in rendering judgment against the defendant, in favor of said plaintiff, Lafayette Bostwick, the proof being insufficient for such judgment. 3. That the said justice erred in not rendering a judgment for the defendant, with costs against said plaintiff, upon the facts so submitted upon said trial.

The circuit court affirmed the judgment of the justice, and Moore brought the case to this court on writ of error.

*Hubbard & Crocker*, for plaintiff in error.

*O. F. Wisner*, for defendant in error.

PER CURIAM.

The only question in the case is, whether the judgment was supported by the evidence. There was no evidence to support the judgment and it must be reversed with costs.